UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

In re:                                                          Case No.: 17-11795-7

    MELISSA MARIE ARNETTE,

        Debtor.

---

    CHRISTOPHER M. SEELEN,
    TRUSTEE,

        Plaintiff,
    v.                                                          Adversary No.: 17-74

    MELISSA MARIE ARNETTE and
    WELLS FARGO BANK N.A.,

        Defendants.

---

**MEMORANDUM DECISION**

On May 18, 2017, Debtor Melissa Arnette filed a voluntary Chapter 7 petition. Debtor owns real estate located at 608 Gilbert Street, Eau Claire, Wisconsin (the "Property"). The Trustee, Christopher Seelen, commenced an adversary proceeding seeking a declaratory judgment that the mortgage of Wells Fargo is void on its face and, further, that the mortgage may be avoided as not properly recorded. The parties agreed there were no contested material facts and agreed to submit their dispute to the Court on briefs.

The following discussion constitutes the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

The schedules list Wells Fargo as a secured creditor with a mortgage on the Property. The parties agree that a Mortgage was executed in favor of Century Lending Co. on January 29, 2010, and recorded on February 9, 2010. The Mortgage was then assigned to Wells Fargo on December 10, 2013, and the Assignment was recorded on December 11, 2013. The Mortgage contains a street address but does not include a legal description of the Property.

The Trustee argues the mortgage can be avoided under 11 U.S.C. § 544(a)(3) because the Trustee, in the shoes of a bona fide purchaser, did not have notice of the Mortgage due to the absence of a legal description. *In re Thulis*, 474 B.R. 668, 674 (Bankr. W.D. Wis. 2012) and *Seelen v. Couillard (In re Couillard)*, 486 B.R. 466, 477-78 (Bankr. W.D. Wis. 2012). Further, the Trustee contends the Mortgage is void under the Wisconsin statute of frauds because it lacks a legal description.

Wells Fargo contends the absence of a legal description is not dispositive. Rather, it argues that if the property is described with "reasonable certainty," the description is sufficient. If not, then Wells Fargo asserts it is entitled to equitable relief to enforce its mortgage under Wis. Stat. § 706.04. It also contends that the Trustee is not a bona fide purchaser because indexing in a grantor/grantee index is sufficient to provide constructive notice. *Wenzel v. Green Tree Servicing, LLC (In re Wenzel)*, 554 B.R. 861, 865 (Bankr. W.D. Wis. 2016).

2

The Trustee brought this action under 11 U.S.C. § 544 which provides that a trustee may avoid certain transfers of estate property under the Code. Section 544(a)(3) provides in relevant part:

> (a) The trustee shall have . . . the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
>
> . . .
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

For purposes of determining whether the Trustee would be a bona fide purchaser under section 544, Wisconsin law governs. Wis. Stat. § 706.08(1)(a) provides that:

> [E]very conveyance that is not recorded as provided by law shall be void as against any subsequent purchaser, in good faith and for a valuable consideration, of the same real estate or any portion of the same real estate whose conveyance is recorded first.

If a mortgage is not properly recorded, therefore, a subsequent good faith purchaser would acquire a superior interest. The Trustee argues that because the Mortgage lacked a legal description and because it was not recorded in the tract index, it is not a valid conveyance of an interest. The Trustee therefore insists he is a subsequent good faith purchaser and can avoid the Mortgage.

The Trustee concedes he would only qualify as a subsequent bona fide purchaser if he did not have constructive or actual notice of the Mortgage. Under Wisconsin law, "[s]omeone who actually knows about a prior claim or

3

interest cannot claim the benefit of the recording statute." *In re Thulis*, 474 B.R. at 674. Even if the description in the Mortgage is inadequate, Wells Fargo's interest would still be superior if a hypothetical subsequent purchaser had constructive notice. *Id.* "Wisconsin law charges prospective purchasers with constructive notice of certain things that might be ascertained by a review of the land or an inquiry of those in possession." *Id.* at 675.

The Wisconsin Supreme Court provided guidance to understanding constructive notice when it held that such notice arises when a "purchaser without knowledge is subjected . . . to the liabilities he would be subject to had he in fact had knowledge, because he was in such a position that if he had exercised a reasonable degree of care in availing himself of the avenues of information open to him he could have acquired the knowledge." *Bump v. Dahl*, 26 Wis. 2d 607, 613, 133 N.W.2d 295, 299 (Wis. 1965).

The scenario in *In re Wenzel* was similar to this case. There, the court sought to determine the validity of a mortgage that lacked a legal description. The *Wenzel* mortgage contained only an address and was recorded in the grantor-grantee index, but not the land tract index. The court held that "despite the deficient legal description, a mortgage's appearance in the grantor/grantee index establishes constructive notice to subsequent purchasers and the bankruptcy trustee may not use his strong-arm power to avoid the mortgage." *Wenzel*, 554 B.R. at 865.

The Trustee concedes the Mortgage was recorded in the grantor/grantee index. The Trustee also acknowledges the ruling in *Wenzel*. Regardless, the

4

Trustee asks the Court to follow an earlier line of cases that suggests there is no constructive notice where a document is not recorded in a tract index.

In *Thulis*, the lender's mortgage contained a legal description of one lot. The debtor owned two lots. The court concluded the omission of the second lot was not sufficient to place the trustee—or any prospective purchaser—on notice that the bank might claim an interest in the omitted lot. There were no available records for the omitted lot that would in any way have referred to the bank's mortgage. In *Couillard*, the original mortgage contained accurate legal descriptions. A subsequent mortgage that secured a refinance did not contain legal descriptions or parcel identification numbers. After someone realized the mistake, a document called an affidavit of correction was filed, although it was not signed by the Couillards. The mortgage was indexed in the grantor/grantee index and the affidavit in the tract index.

The grantor/grantee index is sufficient to provide constructive notice. The Trustee relies heavily on the reasoning of *Couillard* that "an instrument must be properly recorded in order to be effective against third parties." *In re Couillard*, 486 B.R. at 477-78. The *Wenzel* court considered *Couillard* in its decision and distinguished it from these facts. *See Wenzel*, 554 B.R. 861 n.2. The *Couillard* court relied on *In re Thulis* and *In re Wittman*, No. 10-22811, 2012 WL 2742099, at *7 (Bankr. E.D. Wis. July 9, 2012). In *Thulis*, the bank "completely failed to record its mortgage." *Wenzel*, 554 B.R. 861 n.2. *Thulis* is thus inapposite. The *Wittman* case was subsequently overturned in *Bank of*

5

*New York Mellon Trust Co. v. Wittman*, No. 12-C-846, 2013 WL 173801 (E.D. Wis. Jan. 15, 2013).

The bank in both this case and in *Wenzel* recorded the Mortgage in the grantor/grantee index, which would provide notice of Wells Fargo's pre-existing interest to a hypothetical purchaser. Moreover, the *Wenzel* holding more accurately reflects Wisconsin courts' interpretation of their own law. The Wisconsin Supreme Court has identified three sources a subsequent purchaser could consult to determine interests in land: (1) documents recorded with the register of deeds, (2) other records such as judgment or lien records, and (3) the land itself. *Bump v. Dahl*, 26 Wis. 2d at 614.

A search of records at the register of deeds would have revealed the existence of the mortgage in Ms. Arnette's name. The Trustee does not appear to dispute that such a search would have led to the discovery of the Mortgage. The ruling in *Wenzel* is therefore well within the Wisconsin Supreme Court's guidelines for a search of land records.

Moreover, the ruling in *Wenzel* more adequately responds to the reality of recording statutes and practice. In Wisconsin, the registers of deeds are statutorily required to maintain an accessible and searchable grantor/grantee index under Wis. Stat. § 59.43(9). But, registers of deeds have the *option* and "may" keep a tract index under section 59.43(12m). Based solely on the statutory language, Wisconsin has expressed a preference for grantor/grantee indexes. It would be senseless for this Court to rule that a diligent purchaser

must search a land tract index, when a land tract index may not even exist in some counties.

This preference was also acknowledged in *Bank of New York Mellon*. That court reasoned it "seems more reasonable to look to the grantor/grantee index since one who gives money to another in return for an interest in property is primarily concerned with whether the person to whom he is giving the money has an interest in the property he is conveying." *Bank of New York Mellon*, 2013 WL 173801, at *6. *See also Hiles v. Atlee*, 80 Wis. 219, 221, 49 N.W. 816, 817 (Wis. 1891) ("The manifest purpose of requiring the names of the grantors to be thus entered in the general index in alphabetical order was to enable persons interested in the title to the land to ascertain by an inspection thereof whether the owner had parted with or been deprived of the title thereof.").

There is no dispute the Mortgage was recorded in the grantor/grantee index and a search of that forum would have provided the Trustee with notice of the Mortgage. The Trustee therefore had constructive notice of the Mortgage, despite its lack of a legal description.

The Trustee additionally argues the Mortgage is unenforceable on its face because it violates the statute of frauds. Wis. Stat. § 706.02(1) provides in relevant part:

> (1) Transactions under s. 706.001(1) shall not be valid unless evidenced by a conveyance that satisfies all of the following:
>
> . . .
>
> (b) Identifies the land.

The Trustee insists the identification of the land through only an address renders the Mortgage invalid under Wis. Stat. § 706. He argues the address is inadequate to properly identify the land.

To comply with the statute of frauds, the Mortgage must identify the property with "reasonable certainty." *Wiegand v. Gissal*, 28 Wis.2d 488, 492, 137 N.W.2d 412 (Wis. 1965). Wisconsin courts have said reasonable certainty means "by the aid of the facts and circumstances surrounding the parties at the time the court can with reasonable certainty determine the land which is to be conveyed. . . . It does not, however, necessarily require a legal description." *Anderson v. Quinn*, 2007 WI App 260, ¶ 30, 306 Wis. 2d 686, 702–03, 743 N.W.2d 492, 500 (Wis. Ct. App. 2007) (internal citations omitted).

The Trustee cites various cases which he argues stand for the principal that the lone description of a building is not sufficient to satisfy the statute of frauds. *See Stuesser v. Ebel*, 19 Wis. 2d 591, 596, 120 N.W.2d 679 (Wis. 1963) (holding as inadequate the description "Dobie Inn"); *Thiel v. Jahns*, 252 Wis. 27, 30, 30 N.W.2d 189 (Wis. 1947) (holding as inadequate the description "house at Little Chicago"); *Wiegand*, 28 Wis. 2d at 493 (holding as inadequate the description "the tavern building, the two-family apartment adjacent to the rear of said tavern building, the picnic grounds to the East, the ball grounds to the West"). He asserts the use of the street address is the equivalent of using a lone building description.

But those cases and descriptions are distinguishable from the description in this Mortgage. The conveyances in cases cited by the Trustee

referred only to a building or general location or neighborhood. The Mortgage here provides an address. The Trustee is incorrect in his insinuation that an address and a description of a building are the same. An address can—and often does—refer to real estate that lacks a physical structure. An address marks a specific physical location. The cases cited to by the Trustee are inapt. While the description in the Mortgage may be scant on detail, it could obviously apply to more than just a building and does identify a physical location.

Under Wisconsin law, "[a] land contract, which does not specifically describe the land to be conveyed, but refers to it in such terms that by the aid of the facts and circumstances surrounding the parties at the time the court can with reasonable certainty determine the land which is to be conveyed, satisfies the statute of frauds in this regard, and may be enforced." *Wadsworth v. Moe*, 53 Wis. 2d 620, 626, 193 N.W.2d 645, 648 (Wis. 1972).

Though it lacks a legal description, the Mortgage clearly satisfies the statute of frauds. The Mortgage identifies the Property as that "which has the address of 608 Gilbert Street, Eau Claire, Wisconsin." The only reasonable interpretation of that description is that the Mortgage applied to whatever real estate can be found at that address, including land and fixtures.

The Court finds the Mortgage valid and enforceable. The Trustee had notice that Debtor and Wells Fargo executed the Mortgage. As discussed above, the mortgage was recorded in the grantor/grantee index and a subsequent good faith purchaser would have had notice of the pre-existing lien upon

reasonable inquiry. It is clear the parties intended the Mortgage to encumber all the real property associated with the address 608 Gilbert Street.

## CONCLUSION

The Trustee had constructive notice of the Mortgage. The Mortgage is valid and enforceable. The claims of the Trustee are dismissed. Each party shall bear its own costs.

A separate order consistent with this decision will be entered.

Dated: March 23, 2018

BY THE COURT:

_____
Hon. Catherine J. Furay
U.S. Bankruptcy Judge